IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERALD LYNN CAMPBELL,**

      Petitioner,

  v.                                  **CIVIL ACTION NO. 1:10cv67**
                                              **(Judge Keeley)**

**KUMA J. DEBOO,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 26, 2010, the petitioner, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to be transferred to a Virginia State facility to serve the remainder of his federal prison, or in the alternative, to be released on parole. The petitioner paid the required filing fee on June 14, 2010. On June 15, 2010, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On August 11, 2010, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On August 13, 2010, a Roseboro Notice was issued, and on September 9, 2010, the petitioner filed a response to the motion.

### II. FACTS

On March 14, 1993, the petitioner was arrested in Norfolk, Virginia by local authorities. On November 1, 1993, he was sentenced to 10 years imprisonment by the Circuit Court, Norfolk, Virginia for Possession of Cocaine with Intent to Distribute and Possession of a Firearm by a

1

Convicted Felon. (Doc. 20-4, p. 1). On May 18, 1994, the petitioner was borrowed by federal officials pursuant to a Writ of Habeas Corpus Ad Prosequendum on charges in the Eastern District of Tennessee. (Doc. 20-5). On January 23, 1995, the petitioner was sentenced in the Eastern District of Tennessee to a term of 300 months for violating 21 U.S.C. § 841(A)(1), 18 U.S.C. § 922(g)(1). The court recommended that the Virginia State Penitentiary be the place of service of the sentence. (Doc. 20-6).

On February 1, 1995, the petitioner was returned to the Virginia Department of Corrections. Due to the concurrent nature of his federal sentence, the petitioner's 300 month federal sentence was deemed to have commenced on the day it was imposed. (Doc. 20-7, p. 2). The petitioner received prior custody credit for August 30, 1992 and March 14, 1993 through October 31, 1993, for a total of 233 days of credit because that time spent in custody was not credited against his state sentence. (Id.). The petitioner was paroled from his Virginia state sentence on September 30, 1998, and released to the custody of the United States Marshal Service, to serve the remainder of his federal sentence. (Doc. 20-1, p.2).

On June 29, 1999, the petitioner was sentenced in the United States District Court for the Western District of Virginia to a term of Life Imprisonment for Assault on a Correctional Officer. Following an appeal, he was re-sentenced on June 11, 2002, to a term of 12 months to run consecutive to the 300 month sentence imposed by the Eastern District of Virginia. (Docs. 20-8 and 20-9). The petitioner's current projected release date is March 13, 2017. (Doc. 20-7).

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) he has a nunc pro tunc sentence and, therefore, never should have been sent from the Virginia Correctional facility to the BOP; and

(2) in accordance with 28 U.S.C. § 4205(b)(2), he qualifies for parole.

The Government contends that the petition should be dismissed because:

(1) the petitioner failed to exhaust his administrative remedies;

(2) the petitioner's request to serve his federal sentence in state custody must be denied; and

(3) the petitioner is not eligible for parole.

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations

3

omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla

of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

## V. ANALYSIS

### a. Exhaustion of Administrative Remedies

In the response to the petition, the respondent argues that "federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions," citing an unpublished Fourth Circuit opinion. See McClung v. Shearin, 90 Fed. Appx. 444 (4th Cir. 2004). The respondent acknowledges that because the requirement of exhaustion in § 2241 petitions is judicially imposed, courts retain discretion to waive the requirement when exhaustion is futile. Citing Reeder v. Phillips, 2008 WL 2344003 *3. However, the respondent then contends that unless the agency is certain to rule adversely, failure to exhaust is not excused. Moreover, the respondent contends that the requirement of exhaustion by inmates in cases involving sentence computation issues is appropriate because the BOP is charged with the responsibility of computing sentences and has expertise in this area.

The undersigned has no fundamental disagreement with the respondent's argument. However, the issue in this matter is not a technical sentence computation. The petitioner does not dispute the length of his sentence nor the time remaining. Instead, his argument is that because the federal sentencing judge

5

recommended to the Bureau of Prisons "that the Virginia State Penitentiary be the place of service of this sentence, thereby making [the] sentence concurrent with the defendant's imprisonment pursuant to the judgment in Docket Number 931588F05, Circuit Court, Norfolk, Virginia," he should serve the remainder of his federal sentence in the state penitentiary and not in a BOP facility. More importantly, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

### b. The Virginia State Penitentiary

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently[1] with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

---

[1]Here, the sentencing judge recommended to the BOP that the Virginia State Penitentiary be the place of service of this sentence, thereby making the sentence concurrent." Doc. (20-6, p. 2).

Here, in carrying out the federal judge's sentencing recommendation on the 300 month sentence out of the Eastern District of Tennessee, the Bureau of Prisons made a *nunc pro tunc* designation thereby designating the Virginia state facility as the place of service of his federal sentence for the remainder of his federal sentence. This allowed the petitioner's federal sentence to commence at the earliest date possible, the day it was imposed, thus effectuating the concurrency of the federal sentence and the state sentence the petitioner was already serving. However, the petitioner's state sentence expired on September 30, 1998, and he was released to the United States Marshals Service pursuant to a detainer to complete his federal sentence in a federal facility. Clearly, the petitioner could not remain in a state facility once his state sentence expired, and therefore, the remainder of his federal sentence can only be served in a federal facility.

    **c. Parole**

In addition to requesting that he be returned to the Virginia Division of Corrections to serve the remainder of his federal sentence, the petitioner maintains that he qualifies for parole. In support of that argument, the petitioner cites 18 U.S.C. § 4205(g) which provides that "[a]t any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required." First, it should be noted that the petitioner has made no allegation that such a request has been made. Moreover, the petitioner was sentenced under the provisions of the Sentencing Reform Act of 1984 in Case Number CR-1-93-00019-01 and the Prisoner Litigation Reform Act of 1995 in Case Number CR-3:98CR00066-001. Sentences imposed under these provisions are not eligible for parole. (Doc. 20-1, p.2).

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion

to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 19) be **Granted**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 18, 2010.

       /s/ James E. Seibert
       JAMES E. SEIBERT
       UNITED STATES MAGISTRATE JUDGE